**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ELLIS RAY HICKS, JR.** **CIVIL ACTION**

**VERSUS** **NO. 26-641-BAJ-EWD**

**KEOGH COX, LLP, ET AL.**

**RULING AND ORDER**

Before the Court is a "Motion to Transfer Jurisdiction to the Hot Springs Division of Arkansas"[1] (the "Motion"), filed by Ellis Ray Hicks, Jr. ("Plaintiff"), which will be considered a motion to transfer venue from this Court to the United States District Court for the Western District of Arkansas, Hot Springs Division. As Plaintiff has not shown that the proposed transferee court is a district where this case might have been originally brought, the Motion will be denied.[2]

## I. Background

Plaintiff filed this lawsuit on June 3, 2026 alleging civil rights violations.[3] Specifically, Plaintiff claims that he was formerly in custody of the Louisiana Department of Public Safety and Corrections ("LDPSC"), and that he pursued litigation for eight years concerning his "over-detention by LDPSC." Defendants in this suit are a law firm and two lawyers representing LDPSC in that litigation. Plaintiff claims, "Defendants knowingly advanced false representations for years,

[1] R. Doc. 17. Documents in the electronic court record are referred to as "R. Doc. __."

[2] Federal district courts in this Circuit, including this one, have held that a motion to transfer venue is a non-dispositive decision on which a magistrate judge can rule directly under 28 U.S.C. § 636(b)(1)(A). *See Williams v. Louisiana*, No. 20-212, 2020 WL 1808599, at *1, n.1 (M.D. La. Apr. 8, 2020), citing *Personalized Media Commc'ns, LLC v. Zynga, Inc.*, No. 212-68, 2013 WL 12147661, at *1 (E.D. Tex. July 22, 2013); *LNV Corp. v. Branch Banking and Trust Co.*, No. 12-3803, 2013 WL 1694421, at *1 (N.D. Tex., April 18, 2013) ("a motion to transfer venue is nondispositive in nature"); *Smith v. Carl Zeiss SMT, Inc.*, No. 05-570, 2007 WL 686874, at *1 (S.D. Miss., March 05, 2007)("A motion to transfer venue involves a non-dispositive pretrial matter, which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)."); *see also Yanez v. Dish Network, L.L.C.*, No. 20-177, 2021 WL 4691909, at *5 (S.D. Tex. April 23, 2021) (collecting cases). Therefore, the Motion is decided by direct Ruling and Order.

[3] R. Doc. 1.

obstructing Plaintiff's access to justice and concealing unlawful detention."[4] As to venue, Plaintiff's original Complaint specifically alleges that venue is proper in this Court "because the events occurred in Baton Rouge, East Baton Rouge Parish, Louisiana."[5] On August 3, 2026, Plaintiff filed a "Addendum & Supplement to 42 U.S.C. 1983," which adds claims regarding systematic corruption and continuing injury.[6]

In conjunction with the original Complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees Or Costs (Short Form), which the Court granted on June 22, 2026.[7] The Court instructed the Clerk of Court to withhold summonses and further ordered that no service be made by the United States Marshals Service as the Complaint is subject to review under 28 U.S.C. § 1915(e).[8] The Court further informed Plaintiff that no other action needed to be taken at this time because Plaintiff would be given further information once the Court reviews the suit.[9] Review of Plaintiff's suit has not been completed and no defendant has appeared.

## II. LAW AND ANALYSIS

Plaintiff's Motion seeks a transfer of this case to a geographically distant court. As support, Plaintiff claims that such transfer will be more convenient, because he resides in Hot Springs,

---

[4] R. Doc. 1, p. 2.

[5] R. Doc. 1, p. 1.

[6] R. Doc. 16.

[7] R. Docs. 2, 3.

[8] 28 U.S.C. § 1915(e) provides that when a person has been granted permission to file suit without prepaying the filing fee (in forma pauperis or "IFP"), the court shall dismiss the case at any time if the court determines that –

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

[9] R. Doc. 3.

Arkansas, such that transfer will substantially reduce travel burdens and costs. Plaintiff also alleges that he has sustained harm and that "[t]ransfer will promote judicial economy and ensure fair adjudication," although he does not explain how. Plaintiff further maintains that Hot Springs, Arkansas is an appropriate venue under 28 U.S.C. § 1391(b)(2), which provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[10]

42 U.S.C. § 1983 does not contain a specific venue provision.[11] Venue is, therefore, determined under the general venue provision in 28 U.S.C. § 1391(b).[12] Therefore, venue for a civil rights action under § 1983 lies in the judicial district where a defendant resides, or in the judicial district where a substantial part of the events or omissions giving rise to the claims occurred.[13] According to Plaintiff's original Complaint, it does not appear that any defendant resides in the Western District of Arkansas, within which Hot Springs, Arkansas is located; rather, based on Plaintiff's allegations, the law firm and the lawyers made defendants in this lawsuit likely reside within this judicial district.[14] Further, according to Plaintiff's original Complaint, this is the

---

[10] R. Doc. 17.

[11] *See, e.g., Gordon v. Lumpkin*, No. 22-131, 2022 WL 17069871, at *3 (S.D. Tex. Sept. 22, 2022), adopted, 2022 WL 17069117 (S.D. Tex. Nov. 17, 2022).

[12] *Id.*; *see also Baker v. State of Texas*, No. 16-8, 2016 WL 625090, at *1 (S.D. Tex. Jan. 13, 2016), adopted, No.16-8, 2016 WL 631427 (S.D. Tex. Feb. 16, 2016), citing *Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir. 1977) (citing 28 U.S.C. § 1391(b) as the venue provision applicable to § 1983 actions); *Trujillo v. Dr. Arce*, No. 03–114, 2003 WL 21266974, at *1 (N.D. Tex. May 27, 2003) (same).

[13] 28 U.S.C. § 1391(b) provides: "Venue in general.--A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

[14] R. Doc. 1, p. 2 (naming as defendants Keogh Cox, LLP, a Baton Rouge law firm, as well as Chelsea Payne and Andrew Blanchfield, attorneys with Keogh Cox).

judicial district where a substantial part of the events or omissions giving rise to the claims occurred.[15] Although in the Motion, Plaintiff now maintains in a conclusory fashion that Hot Springs, Arkansas is also such a district.

28 U.S.C. § 1404 provides: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district"..... "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'"[16]

Plaintiff does not seek a transfer to another division within this judicial district, he seeks a transfer to an entirely new district; therefore, the applicable provision is § 1404(a). As all parties have not consented to transfer, the question is whether this case "might have been brought" in the destination venue.[17]

Plaintiff's Motion is unique in that he is seeking to change the venue he originally chose. It should be noted that Plaintiff's Motion was filed *after* he requested to conduct a Court-ordered conference by Zoom and was advised by the Court that he had submitted himself to the Court's jurisdiction and must make himself available for examination in the forum where he filed suit.[18]

---

[15] R. Doc. 1, p. 1 ("Venue lies in this District under 28 U.S.C. § 1391(b) because the event occurred in Baton Rouge, East Baton Rouge Parish, Louisiana.").

[16] *In re Volkswagen of Am., Inc*., 545 F.3d 304, 311 (5th Cir. 2008), citing *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).

[17] *In re Volkswagen of Am., Inc*., 545 F.3d at 312.

[18] R. Docs. 14, 15.

Currently, Plaintiff has not shown that Hot Springs, Arkansas is an appropriate venue under § 1404(a). As noted above, no defendants are alleged to reside in Hot Springs, Arkansas, so Plaintiff has not shown that this case could have been brought there under 28 U.S.C. § 1391(b)(1). Further, Plaintiff claims he was overdetained by LDPSC and that Defendants, a Baton Rouge, Louisiana law firm and two of its lawyers representing LDPSC, engaged in conduct during Plaintiff's overdetention lawsuit that violated Plaintiff's civil rights. These allegation do not suggest that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hot Springs, Arkansas, such that it would be an appropriate venue under 28 U.S.C. § 1391(b)(2). To the contrary, Plaintiff originally alleged that his claims in this case relate to events that happened within this judicial district by Defendants who are located within this district. The Court further takes judicial notice of the fact that Plaintiff has a related civil rights lawsuit pending in this Court. Defendants in this case are the law firm and certain attorneys in *Ellis Ray Hicks, Jr. v. Louisiana Dept. Pub. Safety and Corr.*, No. 19-108-SDD-RLB (the "overdetention suit"), representing LDPSC, as well as certain other defendants, including Terry Lawson, a Louisiana Department of Corrections employee, who is also referenced in this lawsuit.[19] In the overdetention suit, Plaintiff claims he was wrongfully detained for sixty (60) days past the expiration of his sentence—the same allegations in this case. The overdetention suit is ongoing. The overlap in facts suggests that the overdetention suit is the one in which Plaintiff claims Defendants in this case violated his constitutional rights, but there is also nothing in the facts of that case to show that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Arkansas.[20]

---

[19] In this suit, Plaintiff alleges, "LDPSC computation officer Terry Lawson, in a recorded call with attorney William Most, admitted he knew of Plaintiff's Arkansas time credits but refused to apply them, stating he did not have to comply with Judge Clayson's order." R. Doc. 1, p. 2 Plaintiff was represented by William Most for a period of time in his overdetention suit.

[20] Plaintiff also cannot establish that Hot Springs, Arkansas would be a proper venue under 28 U.S.C. § 1391(b)(3), which provides that a case may be brought in any judicial district in which any defendant is subject to the court's

As Plaintiff has not shown that the United States District Court for the Western District of Arkansas is a district where this case might have been brought, transfer to that court is not proper.[21] Therefore,

**IT IS ORDERED** that the "Motion to Transfer Jurisdiction to the Hot Springs Division of Arkansas,"[22] filed by Plaintiff Ellis Ray Hicks, Jr., which will be considered a motion to transfer venue from this Court to the United States District Court for the Western District of Arkansas, Hot Springs Division, is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 28, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

personal jurisdiction, "if there is no district in which an action may otherwise be brought as provided in this section," as venue is proper in this judicial district and Plaintiff has not shown that any defendant would be subject to personal jurisdiction in Arkansas.

[21] *See, e.g., Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F.Supp.2d 663, 667 (S.D. Tex. 1999) ("A case must also satisfy certain threshold conditions for transfer under 28 U.S.C.§ 1404(a) to be proper …. section 1404(a) requires that the prospective transferee court be a 'district or division where [the case to be transferred] might have been brought.'"); *SQIP, LLC v. Cambria Company, LLC*, 728 F.Supp.3d 447, 453 (E.D. Tex. 2024) ("The threshold inquiry on a Section 1404(a) motion to transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.'") (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

[22] R. Doc. 17.